UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ERIN BARTON )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VANDERBILT UNIVERSITY, )<br>)<br>Defendant. )<br>) | CIVIL ACTION FILE NO.<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Erin Barton ("Dr. Barton" or "Plaintiff") respectfully submits this Complaint for Damages and Equitable Relief:

## INTRODUCTION

1. Plaintiff files this Complaint for declaratory, injunctive, and monetary relief against Defendants for sex discrimination (inclusive of sexual orientation) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Tennessee Human Rights Act.

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). Plaintiff also brings claims under the Tennessee Human Rights Act, T.C.A. §§4-21-102, *et. seq.* over which this Court has jurisdiction under 28 U.S.C. §1367.

3. The unlawful violations of Plaintiff's civil rights were committed within the Middle District of Tennessee. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## ADMINISTRATIVE EXHAUSTION

4. Dr. Barton has satisfied the administrative prerequisites to perfect her claims of discrimination. Specifically, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and timely filed this lawsuit following receipt of a Notice of Right to Sue Letter.

## PARTIES

5. Dr. Barton is now and was at all times relevant to this action, a citizen of the United States entitled to bring actions of this type and nature. Plaintiff is now and was at all times relevant to this action a resident of the state of Tennessee.

6. Defendant Vanderbilt University ("Vanderbilt" or "Defendant") is a private, non-profit educational institution, which receives significant federal funds, and is incorporated and does business in Nashville, Tennessee. Dr. Barton was employed by Vanderbilt at all relevant times hereto.

## STATEMENT OF FACTS

7. Dr. Barton is a female and a lesbian.

8. Dr. Barton was employed by Defendant as a tenured, Associate Professor of Special Education, a position she held for several years.

9. In late 2021, Dr. Barton came out publicly as gay.

10. In March 2022, Dr. Barton held a retreat for graduate students in her research lab.

11. The purpose of the retreat was to help build communication and cohesiveness among the students, especially those who had felt disconnected due to the pandemic, to help foster a better working environment in the research lab and to

3

help the students with respect to the families they worked with who had experienced increased levels of stress and trauma over that past year.

12. Although Dr. Barton had initially communicated that the retreat was mandatory, she later clarified to the students that it was, in fact, completely voluntary as to whether they wished to attend or not.

13. Dr. Barton's same-sex partner, who has training in conducting retreats, also participated in leading certain activities on the retreat.

14. Following the retreat, Vanderbilt Dean Sharon Shields sent an email to Dean Camilla Benbow concerning certain social media photos from the retreat.

15. Dean Shields falsely accused the retreat as somehow promoting "sexualized messaging" and "grooming individuals."

16. The basis for her criticism in part appeared to be that students were wearing a shirt that said, "Inclusion is our love language," and she considered the fact that one woman was kneeling in the picture to be somehow inappropriate or provocative.

17. This was completely false as nothing at retreat was of a sexual manner in any way whatsoever.

18. Dean Benbow then notified Dr. Barton that she was considering disciplinary action against her for potential "gross personal misconduct rendering [her] unfit for association with students or colleagues."

19. Dr. Barton met with Dean Benbow and attempted to explain that such concerns were completely unfounded.

20. Despite this, Dean Benbow then appointed a faculty investigative committee to investigate the issue of whether Dr. Barton had engaged in misconduct.

21. Dean Benbow later told Dr. Barton that she had decided to terminate her.

22. Vanderbilt terminated Dr. Barton's employment effective January 27, 2024.

## COUNT I
## Sex Discrimination in Violation of Title VII

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. Plaintiff is in a protected class based on her sex (female) and her sexual orientation (lesbian).

25. Plaintiff was an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

26. Plaintiff was qualified for the position to which she was hired.

27. Defendant was Plaintiff's "employer" Plaintiff within the meaning of Title VII and 42 U.S.C. § 2000e(a)-(b).

28. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of sex in violation of Title VII.

29. Specifically, Defendant discriminated against Dr. Barton on the basis of her sex, female, and her sexual orientation, by treating her less favorably than male and straight employees, and by terminating her employment.

30. Plaintiff's sex was a motivating factor in Defendant's decisions to take the above-pled discriminatory actions, even if her sex was not the only factor that motivated that decision.

31. Defendant's discriminatory actions violate Title VII.

32. The actions taken by Defendant caused Dr. Barton to suffer both monetary and non-monetary losses for which Defendant is liable.

33. As a result of Defendant's unlawful actions, Dr. Barton has also suffered emotional distress, inconvenience, humiliation, and other indignities compensable under Title VII, for which Defendant is liable.

34. Defendant undertook its unlawful conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, entitling her to recover punitive damages against Defendant.

35. Additionally, or in the alternative, Defendant undertook its unlawful conduct recklessly with respect to Plaintiff and her federally protected rights, entitling her to recover punitive damages.

36. Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, punitive damages, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT II
### Sex Discrimination in Violation of Tennessee Human Rights Act
*(Against all Defendants)*

37. Paragraphs 1 through 22 are incorporated herein by reference.

38. Plaintiff, a female and a lesbian, in a member of protected classes covered by the Tennessee Human Rights Act.

39. Plaintiff was qualified for the position to which she was hired.

40. Defendant is an employer within the meaning of the Tennessee Human Rights Act, T.C.A. § 4-21-102.

41. Defendant subjected Plaintiff to disparate treatment because of her sex and sexual orientation including, but not limited to, demeaning and exclusionary treatment, disparate treatment in the workplace, unjustified criticism, and termination, all in violation of the Tennessee Human Rights Act.

42. Plaintiff's sex was a motivating factor in Defendant's decisions to take the above-pled discriminatory actions, even if her sex was not the only factor that motivated that decision.

43. Defendants undertook this unlawful conduct intentionally and maliciously with respect to Plaintiff and her protected rights, entitling her to recover punitive damages against Defendants.

44. Additionally, or in the alternative, Defendants undertook this unlawful conduct recklessly with respect to Plaintiff and her protected rights, entitling her to recover punitive damages.

45. As a direct and proximate result of Defendant's actions, Plaintiff suffered damages including stress, inconvenience, loss of income and benefits, humiliation, and other indignities.

46. Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, punitive damages, and all other appropriate damages, remedies, and other relief available under the Tennessee Human Rights Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

a. That this matter be filed in this Court, that proper process issue and be served on the Defendant, and that Defendant be required to respond within the time allowed by law;

b. That this matter be tried before a jury of 12;

c. That upon a hearing, Defendant be found to have violated Title VII of the Civil Rights Act of 1965 and the Tennessee Human Rights Act

d. That upon a hearing, Dr. Barton be awarded a judgment for back pay, lost benefits, and other pecuniary and economic losses caused by Defendant's unlawful conduct.

e. That upon a hearing, Plaintiff be awarded a judgment for pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, punitive damages, and other non-pecuniary losses.

f. That upon a hearing, Plaintiff be awarded a judgment for front pay in lieu of reinstatement.

g. That Plaintiff be awarded a judgment for the reasonable attorney fees and costs she has incurred in being forced to pursue this action, with pre- and post-judgment interest thereon.

h. That Plaintiff be awarded such other and further relief to which she is entitled; and

i. all other and further relief as this Court deems just and proper.

Respectfully submitted this 11th day of July, 2025.

RUBENFELD LAW OFFICE, PC

/s/ Abby R. Rubenfeld
Abby R. Rubenfeld (B.P.R. #6645)
810 Dominican Drive, Suite 215
Nashville, Tennessee 37228
Telephone: (615) 386-9077
Facsimile: (615) 386-3897
arubenfeld@rubenfeldlaw.com


BUCKLEY BALA WILSON MEW LLP

/s/ Thomas J. Mew IV (by ARR w/permission)
**(pro hac vice application to be filed)**
Thomas J. Mew IV
Georgia Bar No. 503447
201 17th St. NW, Suite 630

10

Atlanta, Georgia 30363
Telephone: (404) 781-1100
Facsimile: (404) 781-1101
tmew@bbwmlaw.com

*Counsel for Plaintiff*