**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **ERIN BARTON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VANDERBILT UNIVERSITY,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION FILE NO. 3:25-cv-00774**<br><br>**Chief Judge Campbell**<br>**Magistrate Judge Frensley**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT THE VANDERBILT UNIVERSITY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant The Vanderbilt University ("Vanderbilt") respectfully submits this Answer and Affirmative Defenses to Plaintiff's Amended Complaint for Damages and Equitable Relief (Dkt. 21) (the "Complaint"):

**INTRODUCTION**

1. Plaintiff files this Complaint for declaratory, injunctive, and monetary relief against Defendants for sex discrimination (inclusive of sexual orientation) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Tennessee Human Rights Act.

**ANSWER:** The allegations in Paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, Vanderbilt admits only that the Complaint contains claims for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the Tennessee Human Rights Act, T.C.A. §§4-21-102, *et seq.* ("THRA"). Vanderbilt denies that it engaged in any conduct with respect to Plaintiff that gives rise to any cause of action under the law or entitles Plaintiff to any relief and denies any and all remaining

allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). Plaintiff also brings claims under the Tennessee Human Rights Act, T.C.A. §§4-21-102, *et. seq.* over which this Court has jurisdiction under 28 U.S.C. §1367.

**ANSWER:** Vanderbilt admits that Plaintiff purports to bring some of the claims in this action under Title VII and the Tennessee Human Rights Act. Vanderbilt further admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367. Vanderbilt denies any liability to Plaintiff, denies that Plaintiff is entitled to any damages, and denies any and all remaining allegations in Paragraph 2.

3. The unlawful violations of Plaintiff's civil rights were committed within the Middle District of Tennessee. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**ANSWER:** Vanderbilt denies that it engaged in any conduct with respect to Plaintiff that gives rise to any cause of action under the law or entitles Plaintiff to any relief. Furthermore, the allegations in Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, Vanderbilt admits only that venue is proper in the United States District Court for the Middle District of Tennessee at Nashville. Vanderbilt denies any and all remaining allegations in Paragraph 3.

## ADMINISTRATIVE EXHAUSTION

4. Dr. Barton has satisfied the administrative prerequisites to perfect her claims of discrimination. Specifically, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and timely filed this lawsuit following receipt of a Notice of Right to Sue Letter.

**ANSWER:** Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Vanderbilt denies that Plaintiff timely filed the lawsuit. Vanderbilt lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4 and therefore denies them.

## PARTIES

5. Dr. Barton is now and was at all times relevant to this action, a citizen of the United States entitled to bring actions of this type and nature. Plaintiff is now and was at all times relevant to this action a resident of the state of Tennessee.

**ANSWER:** Vanderbilt admits only that Plaintiff was, at all times relevant to this action, a citizen of the United States. Vanderbilt lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 regarding Plaintiff's current citizenship or state of residence and therefore denies them. Vanderbilt denies any and all remaining allegations in Paragraph 5.

6. Defendant Vanderbilt University ("Vanderbilt" or "Defendant") is a private, non-profit educational institution, which receives significant federal funds, and is incorporated and does business in Nashville, Tennessee. Dr. Barton was employed by Vanderbilt at all relevant times hereto.

**ANSWER:** Vanderbilt admits the allegations in Paragraph 6.

## STATEMENT OF FACTS

7. Dr. Barton is a female and a lesbian.

**ANSWER:** Vanderbilt lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore denies them.

8. Dr. Barton was employed by Defendant as a tenured, Associate Professor of Special Education, a position she held for several years.

**ANSWER:** Vanderbilt admits only that it employed Plaintiff as an Associate Professor of Special Education with tenure and that Plaintiff was employed by Vanderbilt from July 2013 until March 2023. Vanderbilt denies any and all remaining allegations in Paragraph 8.

9. In late 2021, Dr. Barton came out publicly as gay.

**ANSWER:** Vanderbilt lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore denies them.

10. In March 2022, Dr. Barton held a retreat for graduate students in her research lab.

**ANSWER:** Vanderbilt admits the allegations in Paragraph 10.

11. The purpose of the retreat was to help build communication and cohesiveness among the students, especially those who had felt disconnected due to the pandemic, to help foster a better working environment in the research lab and to help the students with respect to the families

they worked with who had experienced increased levels of stress and trauma over that past year.

**ANSWER:** Vanderbilt lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11, which concern the purported purpose of the retreat Plaintiff held for graduate students in her research lab, and therefore denies them.

12. Although Dr. Barton had initially communicated that the retreat was mandatory, she later clarified to the students that it was, in fact, completely voluntary as to whether they wished to attend or not.

**ANSWER:** Vanderbilt admits that, on January 6, 2022, Plaintiff emailed the students in her lab, stating that the retreat was mandatory. Vanderbilt denies that Plaintiff later "clarified" that the retreat was "completely voluntary" and denies any and all remaining allegations in Paragraph 12.

13. Dr. Barton's same-sex partner, who has training in conducting retreats, also participated in leading certain activities on the retreat.

**ANSWER:** Vanderbilt admits only that Plaintiff's partner, Ray Taaffe, facilitated the events of the retreat. Vanderbilt lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 concerning Ms. Taaffe's training and therefore denies them. Vanderbilt denies any and all remaining allegations in Paragraph 13.

14. Following the retreat, Vanderbilt Dean Sharon Shields sent an email to Dean Camilla Benbow concerning certain social media photos from the retreat.

**ANSWER:** Vanderbilt admits only that Dean Sharon Shields sent an email to Dean

Camilla Benbow on May 2, 2022, regarding concerns about Plaintiff's retreat. Vanderbilt denies any and all remaining allegations in Paragraph 14.

15. Dean Shields falsely accused the retreat as somehow promoting "sexualized messaging" and "grooming individuals."

**ANSWER:** Vanderbilt denies the allegations in Paragraph 15.

16. The basis for her criticism in part appeared to be that students were wearing a shirt that said, "Inclusion is our love language," and she considered the fact that one woman was kneeling in the picture to be somehow inappropriate or provocative.

**ANSWER:** Vanderbilt admits that Dean Shields's May 2, 2022, email addresses images of Plaintiff's students wearing shirts with the message, "Inclusion in our love language," but denies any and all remaining allegations in Paragraph 16.

17. This was completely false as nothing at retreat was of a sexual manner in any way whatsoever.

**ANSWER:** Vanderbilt is unable to discern the meaning of the allegations in Paragraph 17 because the meaning of the terms "[t]his" and "of a sexual manner" is unclear. To the extent an answer is required, Vanderbilt denies the allegations in Paragraph 17.

18. Dean Benbow then notified Dr. Barton that she was considering disciplinary action against her for potential "gross personal misconduct rendering [her] unfit for association with students or colleagues."

**ANSWER:** Vanderbilt admits only that, on May 17, 2022, Dean Benbow sent a written

communication to Plaintiff, stating, among other things, that: Dean Benbow was considering disciplinary action against Plaintiff; the grounds for discipline and the process for imposing discipline were set forth in Vanderbilt's Faculty Manual; and the allegations regarding Plaintiff's conduct, "if true, could provide a basis for major disciplinary action for 'gross personal misconduct rendering you unfit for association with students or colleagues.'" Vanderbilt denies any and all remaining allegations in Paragraph 18.

19. Dr. Barton met with Dean Benbow and attempted to explain that such concerns were completely unfounded.

**ANSWER:** Vanderbilt admits only that Dean Benbow met with Plaintiff, at Plaintiff's request, on May 24, 2022. Vanderbilt denies any and all remaining allegations in Paragraph 19.

20. Despite this, Dean Benbow then appointed a faculty investigative committee to investigate the issue of whether Dr. Barton had engaged in misconduct.

**ANSWER:** Vanderbilt admits only that Dean Benbow initiated a formal investigation of the allegations set forth in her May 17, 2022, letter, including appointing a faculty investigative committee. Vanderbilt denies any and all remaining allegations in Paragraph 20.

21. The investigation included a number references to Dr. Barton's partner.

**ANSWER:** Vanderbilt admits that the allegations investigated by the faculty investigative committee included the following, as stated in Dean Benbow's May 17, 2022, letter to Plaintiff:

- "The retreat was led by Ray Taaffe, who I understand that you are in a personal relationship with at present and who has no faculty appointment or relationship with Vanderbilt.

No disclosure was made of this conflict of interest to the COI office, to your department chair, or to me. Students were also offered additional consultations/services with Taaffe."

- "Information about the retreat was posted on Taaffe's personal social media account alongside other posts which were not of a professional nature using the caption 'WWC/Vanderbilt.' This video includes, without permission of the students, pictures of the Vanderbilt students in a ceremony and engaging in the rewilding retreat activities. The video, posted on the Instagram page, is placed along with a video, 'Mi Amore,' which captures the intimate relationship between [Plaintiff] and Taaffe."

Vanderbilt denies any and all remaining allegations in Paragraph 21.

22. Based on the references to her same sex partner, allegations of "grooming" or other sexually inappropriate behavior, Dr. Barton reasonably concluded she was being treated this way because of her sex and sexual orientation.

**ANSWER:** Vanderbilt denies the allegations in Paragraph 22.

23. Dr. Barton had observed that a number of similarly-situated straight and male faculty members had held retreats or similar outside events without the scrutiny and differential and discriminatory treatment applied to Plaintiff.

**ANSWER:** Vanderbilt denies the allegations in Paragraph 23.

24. Dean Benbow later told Dr. Barton that she had decided to terminate her.

**ANSWER:** Vanderbilt admits the allegations in Paragraph 24.

25. Vanderbilt terminated Dr. Barton's employment effective January 27, 2024.

**ANSWER:** Vanderbilt admits the allegations in Paragraph 25.

**COUNT I**
**Sex Discrimination in Violation of Title VII**

26. Paragraphs 1 through 25 are incorporated herein by reference.

**ANSWER:** Vanderbilt hereby incorporates by reference its responses to the allegations in Paragraphs 1 through 25.

27. Plaintiff is in a protected class based on her sex (female) and her sexual orientation (lesbian).

**ANSWER:** Vanderbilt lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and therefore denies them.

28. Plaintiff was an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

**ANSWER:** Paragraph 28 contains a legal conclusion to which no response is required. To the extent a response is required, Vanderbilt admits the allegations in Paragraph 28.

29. Plaintiff was qualified for the position to which she was hired.

**ANSWER:** Vanderbilt admits that Plaintiff was qualified for the position to which she was hired at the time she was hired. Vanderbilt denies all remaining allegations in Paragraph 29.

30. Defendant was Plaintiff's "employer" Plaintiff within the meaning of Title VII and 42 U.S.C. § 2000e(a)-(b).

**ANSWER:** Paragraph 30 contains a legal conclusion to which no response is required. To the extent a response is required, Vanderbilt admits the allegations in Paragraph 30.

31. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of sex in violation of Title VII.

**ANSWER:** Vanderbilt denies the allegations in Paragraph 31.

32. Specifically, Defendant discriminated against Dr. Barton on the basis of her sex, female, and her sexual orientation, by treating her less favorably than male and straight employees, and by terminating her employment.

**ANSWER:** Vanderbilt denies the allegations in Paragraph 32.

33. Plaintiff's sex was a motivating factor in Defendant's decisions to take the above-pled discriminatory actions, even if her sex was not the only factor that motivated that decision.

**ANSWER:** Vanderbilt denies the allegations in Paragraph 33.

34. Defendant's discriminatory actions violate Title VII.

**ANSWER:** Paragraph 34 contains a legal conclusion to which no response is required. To the extent a response is required, Vanderbilt denies the allegations in Paragraph 34.

35. The actions taken by Defendant caused Dr. Barton to suffer both monetary and non-monetary losses for which Defendant is liable.

**ANSWER:** Paragraph 35 contains a legal conclusion to which no response is required. To the extent a response is required, Vanderbilt denies the allegations in Paragraph 35.

36. As a result of Defendant's unlawful actions, Dr. Barton has also suffered emotional distress, inconvenience, humiliation, and other indignities compensable under Title VII, for which Defendant is liable.

**ANSWER:** Paragraph 36 contains a legal conclusion to which no response is required. To the extent a response is required, Vanderbilt denies the allegations in Paragraph 36.

37. Defendant undertook its unlawful conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, entitling her to recover punitive damages against Defendant.

**ANSWER:** Paragraph 37 contains a legal conclusion to which no response is required. To the extent a response is required, Vanderbilt denies the allegations in Paragraph 37.

38. Additionally, or in the alternative, Defendant undertook its unlawful conduct recklessly with respect to Plaintiff and her federally protected rights, entitling her to recover punitive damages.

**ANSWER:** Paragraph 38 contains a legal conclusion to which no response is required. To the extent a response is required, Vanderbilt denies the allegations in Paragraph 38.

39. Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, punitive damages, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

**ANSWER:** Paragraph 39 contains a legal conclusion to which no response is required. To the extent a response is required, Vanderbilt denies the allegations in Paragraph 39.

**COUNT II**
**Sex Discrimination in Violation of Tennessee Human Rights Act**
***(Against all Defendants)***

40. Paragraphs 1 through 25 are incorporated herein by reference.

**ANSWER:** Vanderbilt hereby incorporates by reference its responses to the allegations in Paragraphs 1 through 25.

41. Plaintiff, a female and a lesbian, in a member of protected classes covered by the Tennessee Human Rights Act.

**ANSWER:** Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Vanderbilt lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 concerning Plaintiff's membership in one or more protected classes and therefore denies them. Vanderbilt denies any and all remaining allegations in Paragraph 41.

42. Plaintiff was qualified for the position to which she was hired.

**ANSWER:** Paragraph 42 contains a legal conclusion to which no response is required. To the extent a response is required, Vanderbilt admits that Plaintiff was qualified for the position to which she was hired at the time she was hired. Vanderbilt denies all remaining allegations in Paragraph 42.

43. Defendant is an employer within the meaning of the Tennessee Human Rights Act, T.C.A. § 4-21-102.

**ANSWER:** Paragraph 43 contains a legal conclusion to which no response is required. To

the extent a response is required, Vanderbilt admits the allegations in Paragraph 43.

44. Defendant subjected Plaintiff to disparate treatment because of her sex and sexual orientation including, but not limited to, demeaning and exclusionary treatment, disparate treatment in the workplace, unjustified criticism, and termination, all in violation of the Tennessee Human Rights Act.

**ANSWER:** Paragraph 44 contains a legal conclusion to which no response is required. To the extent a response is required, Vanderbilt denies the allegations in Paragraph 44.

45. Plaintiff's sex was a motivating factor in Defendant's decisions to take the above-pled discriminatory actions, even if her sex was not the only factor that motivated that decision.

**ANSWER:** Vanderbilt denies the allegations in Paragraph 45.

46. Defendants undertook this unlawful conduct intentionally and maliciously with respect to Plaintiff and her protected rights, entitling her to recover punitive damages against Defendants.

**ANSWER:** Paragraph 46 contains a legal conclusion to which no response is required. To the extent a response is required, Vanderbilt denies the allegations in Paragraph 46.

47. Additionally, or in the alternative, Defendants undertook this unlawful conduct recklessly with respect to Plaintiff and her protected rights, entitling her to recover punitive damages.

**ANSWER:** Paragraph 47 contains a legal conclusion to which no response is required. To

the extent a response is required, Vanderbilt denies the allegations in Paragraph 47.

48. As a direct and proximate result of Defendant's actions, Plaintiff suffered damages including stress, inconvenience, loss of income and benefits, humiliation, and other indignities.

**ANSWER:** Vanderbilt denies the allegations in Paragraph 48.

49. Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, punitive damages, and all other appropriate damages, remedies, and other relief available under the Tennessee Human Rights Act.

**ANSWER:** Paragraph 49 contains a legal conclusion to which no response is required. To the extent a response is required, Vanderbilt denies the allegations in Paragraph 49.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

a. That this matter be filed in this Court, that proper process issue and be served on the Defendant, and that Defendant be required to respond within the time allowed by law;

b. That this matter be tried before a jury of 12;

c. That upon a hearing, Defendant be found to have violated Title VII of the Civil Rights Act of 1965 and the Tennessee Human Rights Act

d. That upon a hearing, Dr. Barton be awarded a judgment for back pay, lost benefits, and other pecuniary and economic losses caused by Defendant's unlawful conduct.

e. That upon a hearing, Plaintiff be awarded a judgment for pain and suffering,

emotional distress, mental anguish, loss of enjoyment of life, punitive damages, and other non-pecuniary losses.

f. That upon a hearing, Plaintiff be awarded a judgment for front pay in lieu of reinstatement.

g. That Plaintiff be awarded a judgment for the reasonable attorney fees and costs she has incurred in being forced to pursue this action, with pre- and post-judgment interest thereon.

h. That Plaintiff be awarded such other and further relief to which she is entitled; and

i. all other and further relief as this Court deems just and proper.

**ANSWER:** Vanderbilt denies that it is liable for any misconduct toward Plaintiff and denies that Plaintiff is entitled to any relief from Vanderbilt.

## AFFIRMATIVE AND OTHER DEFENSES

Vanderbilt asserts the following affirmative and other defenses. By including the defenses listed below, Vanderbilt University does not assume or shift the burden of proof with regard to any of Plaintiff's claims beyond what is required under applicable law.

1. Plaintiff's Complaint, and each purported claim contained therein, fails to state any claim upon which relief may be granted.

2. At all relevant times, Vanderbilt acted in good faith and had reasonable grounds to believe that its actions did not violate any federal or state statute, regulation, common law, or contractual obligation.

3. Plaintiff's claims fail to the extent they rely on alleged violations being knowing, intentional, or willful, because Plaintiff cannot show that Vanderbilt knowingly, intentionally, or willfully engaged in any violation.

4. Plaintiff's claims fail because the Vanderbilt conduct complained of was permitted by the terms of the contract between Vanderbilt and Plaintiff.

5. Any damage or harm suffered by Plaintiff, which damage or harm Vanderbilt expressly denies, was contributed to, caused by, or resulted from Plaintiff's own actions and inactions.

6. Plaintiff's claim for damages, her entitlement to which Vanderbilt expressly denies, is barred in whole or in part, to the extent that Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages. With respect to any damages for which Vanderbilt is found liable, the existence of which Vanderbilt specifically denies, Vanderbilt is entitled to a set-off or credit for any amounts Plaintiff earned or received, or could have earned or received, through reasonable efforts on her part.

7. Plaintiff brings allegations of discrimination on the basis of sexual orientation under the Tennessee Human Rights Act; however, such discrimination is not prohibited under the Tennessee Human Rights Act.

8. With regard to her Title VII claims, the Plaintiff is limited to only those claims set out in her Charge of Discrimination to the EEOC. Any allegations she now makes that were not in her Charge or any allegations that related to events occurring more than three hundred days before the Charge are also barred by the statute of limitations.

9. Plaintiff's claims and legal contentions are not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law.

10. Plaintiff's factual allegations and contentions have no evidentiary support and are unlikely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

11. To the extent that Plaintiff is seeking equitable relief, her claims are barred by the doctrine of unclean hands.

12. Vanderbilt hereby gives notice that it intends to rely on such other defenses as may become available or apparent during the course of discovery and hereby reserves its right to amend its Answer and Affirmative Defenses to assert any such defense.

13. Vanderbilt is entitled to recover its reasonable attorneys' fees, expert fees, costs, and expenses upon prevailing on any or all of the claims alleged in the Complaint, to the extent that such recovery is allowed under the law.

**PRAYER**

WHEREFORE, for the reasons explained above, Vanderbilt prays as follows:

(a) That the Court dismiss Plaintiff's Complaint in its entirety;

(b) That Plaintiff receive nothing by way of her Complaint; and

(c) That the Court award Vanderbilt such other and further relief as it deems just and equitable.

Respectfully submitted this 20th day of July 2026.

Respectfully submitted,

_*s/ Karen L. Courtheoux*_____________________

John W. Borkowski (IL #6320147)
Karen L. Courtheoux (IL #6303103), *pro hac vice*
Katherine M. Tierney (IL #6342902), *pro hac vice*
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Phone: (312) 655-1500
Fax: (312) 655-1501
John.Borkowski@HuschBlackwell.com
Karen.Courtheoux@HuschBlackwell.com
Katherine.Tierney@HuschBlackwell.com

Richard W.F. Swor (TN #037640)
Husch Blackwell LLP
501 Commerce Street, Suite 1620
Nashville, Tennessee 37203
P: (615) 949-2240
F: (615) 949-2241
Richard.Swor@HuschBlackwell.com

*Attorneys for Defendant The Vanderbilt University*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically sends notification to the attorneys of record:

Abby Rose Rubenfeld
**RUBENFELD LAW OFFICE, PC**
202 South Eleventh Street
Nashville, TN 37206
Telephone: (615) 386-9077
Facsimile: (615) 386-3897
Email: arubenfeld@rubenfeldlaw.com

Thomas J. Mew
**BUCKLEY BEAL, LLP**
600 Peachtree Street, N.E., Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101
Email: tmew@buckleybeal.com

*Attorneys for Plaintiff Erin Barton*

*s/ Karen L. Courtheoux*
Karen L. Courtheoux